UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF NEW YORK

_____

| | |
|---|---|
| ZEB GASTON, | ) |
| Plaintiff, | ) ) **COMPLAINT** |
| -against- | ) **JURY TRIAL DEMANDED** ) **CIVIL ACTION No. :** |
| T.L.CANNON COMPANIES A/K/A APPLE BEES RESTAURANT, | ) 1:22-cv-566 (DNH/DJS) ) |
| And DON KEELER, and PATRICK McCABE, and BRAD MASON | ) ) |
| INDIVIDUALLY, | ) |
| And as Employees of | ) ) |
| T.L.CANNON COMPANIES A/K/A APPLE BEES ., | ) ) ) |
| Defendants. | |

_____

Plaintiff, ZEB GASTON, by and through his attorney, Ryanne Konan, hereby affirms to the best of his knowledge, under the pains and penalties of perjury, as and for his Complaint in this action against the T.L.CANNON COMPANIES.A/K/A APPLE BEES RESTAURANT, and DON KEELER, and PATRICK McCABE, and BRAD MASON  as follows:

### NATURE OF CLAIMS

1.  Plaintiff in the above captioned matter was a victim of wage Discrimination based on race  when his prior employer, T.L. CANNON COMPANIES AKA APPLE BEES RESTAURANT (the restaurant hereinafter) through Don Keeler (Kitchen Manager) and Patrick McCabe (Kitchen Manager), and Brad Mason (General Manager), discriminated  against Plaintiff's by giving him less pay than his  Caucasian counterparts employees thereby causing Plaintiff to resign his position  employment on January 24, 2021. Plaintiff was retaliated against when he applied for unemployment.

1

2. Accordingly, this action is brought to remedy a violation of Plaintiff's rights actionable under 42 U.S.C. §§ 1981, Executive Law §§ 292(1)(5), and New York State Human Right Law.

## JURISDICTION AND VENUE

3. This action arises from the discriminatory termination actionable under 42 U.S.C. § § 1981.

4. This Court has jurisdiction over this matter pursuant to 28 USC §§§ 1331, 1343(a)(3) and (4), and 1367(a).

5. Venue is proper in this district pursuant to 28 U.S.C § 1391(b)(2) because a substantial part of the events or omissions giving rise to this action occurred in this district.

## PARTIES

6. Zeb Gaston is a citizen of United States, and an African American.

7. Defendant-Employer, the Restaurant is a New York Restaurant -based services company. The Restaurant is headquartered at 555 Troy Schenectady Rd, Latham, New York 12110.

8. Defendant Don Keeler was a kitchen manager at the Restaurant at the time of the incident and upon information and belief, a citizen of New York, a Caucasian male. Defendant Don Keeler, had and still has an office at 555 Troy Schenectady Rd, Latham, New York 12110. Manager Don Keeler has the power, and authority to hire, and to terminate employment and also to give a raise to an employee.

9. Defendant Patrick McCabe was a kitchen manager at the restaurant at the time of the incident and upon information and belief, a citizen of New York, and a Caucasian male. Defendant Patrick McCabe, had and still has an office at 555 Troy Schenectady Rd, Latham, New York 12110. Manager Patrick McCabe has the power, and authority to hire, and to terminate employment and also to give a raise to an employee

10. Defendant Brad Mason is the general manager at the Restaurant at the time of the incident and upon information and belief, a citizen of New York, and a Caucasian male. Defendant Brad Mason had and still has an office at 555 Troy Schenectady Rd, Latham, New York 12110. Manager Brad Mason has the power, and authority to hire, and to terminate employment and also to give a raise to an employee

## FACTUAL ALLEGATIONS

11. Plaintiff is an African American employed by Defendants.

12. Plaintiff was hired as a line cook for the Restaurant on or about October 2020 and was started at fourteen dollars ($14.00) per hour and was promised a raised once Plaintiff started working at other stations.

13. On or about November 2020, Plaintiff started washing dishes when the dishwasher was not present or did not report to work.

14. Between the end of November and February 2020, Plaintiff worked the dish station several times, and when Employee Ronald Brace was forced to resign around January 2021, Plaintiff starting to help cook in the fry station.

15. On or about December 2020, Plaintiff asked general manager Brad Mason and kitchen managers Patrick McCabe and Don Keeler about his promised raise.

16. Plaintiff continued to ask about his raise from December 2020 to February 2021. Defendants replied that they were working on it.

17. work 's duties and responsibilities included line cook ,and as additional duties Defendants added, dishwasher and fry station and broil station in the kitchen. Four months after being hired, Plaintiff requested a raise from Defendants due to cross-training being completed and due to the additional duties being added to Plaintiff's responsibility, however, Defendants responded that the raise would be looked into.

18. On October 2020, Sherrie Cummines who is Caucasian was hired as a Dishwasher . Plaintiff trained Sherrie Cummines as a dishwasher. Plaintiff trained Sherrie Cummines to the fry station.

19. Though Plaintiff and Mr. Brace have rigorous, lengthy experience with Defendants, neither Plaintiff nor Mr. Brace were given raises while Sherrie Cummines, a Caucasian woman was within three months given a new position at the fry station and a corresponding raise. Sherrie Cummines was given a second position a prep worker and again given a corresponding second raise. Every time would be moved back to her prior position, her pay remained constant, and never changed or adjusted.

20. Plaintiff approached Defendants on numerous occasions regarding Defendants' unfair practices and was given no satisfaction. Plaintiff trained Sherrie Cummines, and she got a raise twice while Plaintiff did not get any raise.

21. Sherrie Cummines was doing the same exact work Plaintiff was doing meaning prep and fry station.

22. Plaintiff did not get a raise for even training Sherry Cummines.

23. Plaintiff was forced to resign in February 2021.

## **FOR THE FIRST CAUSE OF ACTION FOR WAGE DISCRIMINATION BASE ON RACE**
(Against all Defendants)

24. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in paragraphs 1-23 of this Complaint with the same force and effect as if fully set forth herein.

25. By its acts and practices described above, managing agents of Defendant Employer in regard to terminating Plaintiff's employment, caused Plaintiff to suffer severe mental anguish and emotional distress, including tenseness, nervousness, severe anxiety and the loss of self-esteem, personal dignity and career fulfillment. Plaintiff has thus been inhibited from enjoying life and was forced to undergo emotional injury that he will experience for the rest of his life. Plaintiff continues to suffer loss of earnings, career fulfillment and personal dignity, as well as emotional distress. Defendants deprived Plaintiff of the rights, remedies, privileges, and immunities guaranteed to every citizen of the United States, in violation of 42 U.S.C. §§1981 , including, without limitation, rights guaranteed by the United States Constitution, by, *inter alia* : racial discrimination, thereby causing Plaintiff serious emotional harm, humiliation, loss of opportunity of employment, career, and education opportunity, loss of wage, and legal expenses.

26. That Plaintiff, in February 2021, Defendants constructively terminated Plaintiff's employment by refusing to provide a raise while a Caucasian woman that he trained, received a raised twice, even though Plaintiff was highly qualified for the position, and multiple tasks under his responsibilities. This termination, and denial of raise was motivated by Plaintiff's race. Defendants created a hostile work environment.

27. That Plaintiff is African American, U.S. Citizen.

28. That Plaintiff is a member of the protected class.

29. That Plaintiff was hired by Defendant employer since July 2020.

30. That Plaintiff had an unblemished record, and his performances met the employer's expectations. During his tenure with Defendant Employer, Plaintiff's work performance was satisfactory at all times and at no time prior to the termination, was Plaintiff warned that his employment was in danger of being terminated for poor work performance or for any other reason.

31. That while employed by the Restaurant, Plaintiff referred Sherry Cummines, Caucasian woman, that he trained, and who was now working at the fry station, same as Plaintiff.

32. That although Sherry Cummines had similar qualifications as Plaintiff, but less experience, Sherry Cummines received a raise twice while Plaintiff did not get a raise although Plaintiff had asked for a raise.

33. That the Caucasian woman did not have as much experience as Plaintiff did.

34. That Plaintiff's race was unique motivating factor in the decision of Defendant employer's management to deny a raise to Plaintiff.

35. That Plaintiff was a member of the class protected under the U.S. Constitution.

36. That Plaintiff was denied a raise because he was Black.

37. That Plaintiff's employment was terminated because Defendants denied him raise based upon the color of his skin.

38. That Plaintiff completed more tasks than the Caucasian co-worker.

39. That Caucasian co-worker received a raise twice while Plaintiff was not afforded any raise.

40. That managers Keeler, McCabe and Mason acted within the scope of their employment.

41. That the Defendants deprived Plaintiff of the constitutional rights secured by 42 U.S.C. §1981, and took numerous overt steps in furtherance of such deprivation by terminating Plaintiff's employment based upon the color of his skin.

42. Defendants acted with a knowing, willful, wanton, grossly reckless, unlawful, unreasonable, unconscionable, and flagrant disregard for Plaintiff's rights, privileges, welfare, and well-being, and are liable of egregious and gross misconduct towards Plaintiff.

43. As a direct and proximate result of Defendants' actions, Plaintiff has suffered severe damages including but not limited to loss earning and benefits, emotional distress, interest on unpaid earning and benefits, costs and legal fees.

44. As a direct and proximate result of the misconduct detailed above, Plaintiff sustained the damages alleged in this Complaint.

**WHEREFORE**, Plaintiff, Zeb Gaston seeks judgment against Defendant Employer in the amount of One Million ($1,000,000) Dollars compensatory and punitive damages, plus attorney fees and costs.

### FOR THE SECOND CAUSE OF ACTION FOR WAGE DISCRIMINATION BASED ON RACE UNDER NEW YORK LAW
New York Executive Law
(Against All Defendants )

45. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in paragraphs 24-44 of this Complaint with the same force and effect as if fully set forth herein.

46. That including the years 2018 through 2022, Defendant employer employed more than four employees and constituted an employer within the meaning of Executive Law §§ 292(1) and (5).

47. That Plaintiff was informed by Defendants that he was not getting a raise, even though Plaintiff was highly qualified for the position, and a Caucasian woman that he trained had got a raise twice. Upon information and belief, the denial of the raised was motivated by Plaintiff's race.

48. That Plaintiff is African American.

49. That Plaintiff was hired by Defendant employer since July 22, 2020, and Defendants were happy with Plaintiff's performances during the period of his employment, and even expanded Plaintiff's responsibilities.

50. That Plaintiff had an unblemished record, and his performances met the employer's expectations. During his tenure with Defendant Employer, Plaintiff's work performance was satisfactory at all times and at no time prior to the termination, was Plaintiff warned that his employment was in danger of being terminated for poor work performance or for any other reason.

51. That Plaintiff's race was the motivating factor in the decision of Defendant employer's management to deny Plaintiff's a raise when Caucasian coworkers with similar duties were getting raises.

52. That by reason of the above, Defendant Employer is liable to unlawfully discrimination against Plaintiff because of his race, in violation of Executive Law §§ 296 and 297.

53. That employees manager Steeler, McCabe and Mason had and still have authority to hire and fire employees, and to grant raises.

54. That Don Steeler, Patrick McCabe and Brad Mason were Plaintiff's supervisor and managers.

55. That Defendant employees Don Steeler, Patrick McCabe and Brad Mason denied a raise to Plaintiff because of his race.

56. That Don Steeler, Patrick McCabe and Brad Mason aided and abetted their employer Restaurant to deny a raise to Plaintiff and constructively terminate Plaintiff's employment.

57. That Don Steeler, Patrick McCabe and Brad Mason gave a raise to a Caucasian co-worker .

58. That Defendants acted with a knowing, willful, wanton, grossly reckless, unlawful, unreasonable, unconscionable, and flagrant disregard for Plaintiff's rights, privileges, welfare, and well-being, and are liable of egregious and gross misconduct towards Plaintiff.

59. As a direct and proximate result of the misconduct detailed above, Plaintiff sustained the damages alleged in this Complaint.

    **WHEREFORE**, Plaintiff, Zeb Gaston seeks judgment against Defendant Employer in the amount of One Million ($1,000,000) Dollars compensatory and punitive damages, plus attorney fees and costs.

## AS AND FOR A THIRD CAUSE OF ACTION BASED ON HOSTILE WORK ENVIRONMENT UNDER TITLE VII, 42 U.S.C 2000e and NYSHRL, NY EXECUTIVE LAW  290-301

60. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in paragraphs 45 through 59 of this Complaint with the same force and effect as if fully set forth herein.

61. That Defendant hired Plaintiff as a line cook since July 2020 as a full-time employee.

62. That the Restaurant employer, through its managers, Don Steeler, Patrick McCabe and Brad Mason gave twice a raise to a Caucasian woman referred by Plaintiff, and that did not have as much of experience as Plaintiff.

63. That Plaintiff reported to the managers, Don Steeler, Patrick McCabe and Brad Mason that it was against their own policies, and was discriminatory to deny him a raise and grant a raise to a Caucasian woman with less experience.

64. That at all times hereinafter mentioned, Plaintiff info managers and the Restaurant employer, Don Steeler, Patrick McCabe and Brad Mason, made comments that could be inferred from their desire to not give a raise to black men; and black men did not deserve a raise.

65. That for the managers, black men did not deserve a raise, only Caucasian workers deserved a raise.

66. That Restaurant Employer was aware all comments made, and behaviors of the supervisors . The Restaurant Employer did not take any action, and Plaintiff was constructively terminated.

67. That the above-described conduct of the supervisors was offensive to Plaintiff.

68. That the comments, conducts and behavior of the Supervisor and the Director, had the sole purpose to intimidate Plaintiff because Plaintiff was black, and was asking a raise that he deserved.

69. That the comments, conducts and behavior of the supervisors were ridicule, and insults that caused Plaintiff to be uncomfortable and intimidated.

70. That the Restaurant Employer, through its employees, Don Steeler, Patrick McCabe and Brad Mason, allowed the work environment to be subject of the offensive, degrading, humiliating comments, conducts and behavior of the supervisors.

71. That Defendant, Restaurant Employer, was an accomplice of the offensive comments, conducts and behavior of the managers Don Steeler, Patrick McCabe and Brad Mason by allowing it to continue although made aware.

72. That Defendant Restaurant by its omission, rendered the work environment hostile to Plaintiff.

73. By the reason of the foregoing Plaintiff has suffered severe damages including but not limited to loss earning and benefits, emotional distress, interest on unpaid earning and benefits, costs and legal fees.

74. That Plaintiff seeks all lawful remedies under the applicable statutes, including but not limited to back pay, front pay, compensatory damages, punitive damages, attorneys' fees, administrative costs, and all other relief that this Court deems just and proper.
    **WHEREFORE** , Plaintiff , Zeb Gaston seeks judgment against Defendant Employer in the amount of  One Million ($1,000,000) Dollars compensatory and punitive damages, plus attorney fees and costs.

## AS AND FOR A FOURTH CAUSE OF ACTION BASED RETALIATION UNDER TITLE VII AND NEW YORK LAW

75. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in paragraphs 60 through 74 of this Complaint with the same force and effect as if fully set forth herein.

76. That upon information and belief, Defendant hired Plaintiff as a dishwasher on October, 2020  as a full-time employee.

77. That  Plaintiff was constructively terminated because of the hostile environment.

78. That Plaintiff was terminated because he requested a raise numerous time.

79. That Defendant employer through its managers Brad Mason and Patrick McCabe made berated comments about Plaintiff's performance at work. Defendants retaliated against Plaintiff because he requested a raise, and indicated to the employer that they had given a raise to a Caucasian woman but they were denying same to a black man.

80. That Defendants constructively terminated Plaintiff's employment.

81. That the offensive degrading, humiliating comments, conducts and behavior to Defendants were to retaliate against Plaintiff for denouncing their discriminatory action at the restaurant against black workers.

82. That Plaintiff was constructively terminated as a result of his complaint against the supervisors for their discriminatory acts.

83. That Plaintiff was terminated because he reported the conduct of the managers and the Restaurant Employer.

84. By the reason of the foregoing Plaintiff has suffered severe damages including but not limited to loss earning and benefits, emotional distress, interest on unpaid earning and benefits, costs and legal fees.

85. That Plaintiff seeks all lawful remedies under the applicable statutes, including but not limited to back pay, front pay, compensatory damages, punitive damages, attorneys' fees, administrative costs, and all other relief that this Court deems just and proper.

**WHEREFORE**, Plaintiff, Zeb Gaston seeks judgment against Defendant Employer in the amount of One Million ($1,000,000) Dollars compensatory and punitive damages, plus attorney fees and costs.

## JURY TRIAL DEMAND

A jury trial is hereby demanded on all issues.

Dated: At Wappingers Falls, New York
May 30, 2022

By: /s/ryannekonan

Ryanne Konan, Esq.
4 Marshall Road, Suite 248
Wappingers Falls, NY 12590
Tel: (845) 309-3432
Fax: (845) 231-0508
RK2889